Jeffrey W. Shields, Bar No. 109920
Rick A. Varner, Bar No. 160403
Michael W. Buhrley, Bar No. 255203
SHIELDS LAW OFFICES
1920 Main Street, Suite 1080
Irvine, California 92614
(949) 724-7900; Fax (949) 724-7905
E-mail: jeff@shieldslawoffices.com

Attorneys For Defendants
National Vending Systems, Inc., Mad Dog Energy
Products, Inc., Richard Black, Gary Luckner,
Michael Stein And Mel Hendrix

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION - RIVERSIDE COURTHOUSE

| | |
|---|---|
| WOODARD INVESTMENTS, INC. an Oregon corporation, and KEITH WOODARD, an individual,<br><br>        Plaintiffs,<br><br>    vs.<br><br>NATIONAL VENDING SYSTEMS, INC., a California corporation; MAD DOG ENERGY PRODUCTS, INC., a California corporation; RICHARD BLACK, an individual; GARY LUCKNER, an individual; MICHAEL STEIN, an individual; MEL HENDRIX, an individual; and RICHARD ALLEN, an individual,<br><br>        Defendants. | Case No. EDCV 08-01805 SGL (MANx)<br><br>DEFENDANTS' EVIDENTIARY OBJECTIONS TO AND MOTION TO STRIKE PORTIONS OF PLAINTIFFS' ADDITIONAL EVIDENCE SUBMITTED IN CONNECTION WITH DEFENDANTS' OPPOSITION TO MOTION TO SET ASIDE RIGHT TO ATTACH ORDERS, QUASH WRITS OF ATTACHMENT AND RELEASE PROPERTY LEVIED UPON, ETC.<br><br>Date:        August 18, 2009<br>Time:        10:00 a.m.<br>Courtroom:   580<br>             Roybal Federal Bldg.<br>             255 E. Temple St.<br>             Los Angeles, CA 90012 |

        Defendants NATIONAL VENDING SYSTEMS, INC. ("NVS") and MAD

DOG ENERGY PRODUCTS, INC. ("Mad Dog")[collectively, "Defendants"]

hereby object to and move to strike portions of the Declaration of

19226

1  Sherri Biethman ("Biethman Dec."), Declaration of James Koepsell

2  ("Koepsell Dec."), Declaration of Jim Rogers ("Rogers Dec."), and

3  Declaration of Dan Vitt, together with its accompanying Exhibit

4  "12" ("Vitt Dec."), filed herein by plaintiffs WOODARD INVESTMENTS,

5  INC. ("Woodard Investments") and KEITH WOODARD ("Mr. Woodard")

6  [collectively, "Plaintiffs"], in connection with their Opposition

7  to Defendants' "Motion To Set Aside Right to Attach Orders, Quash

8  Writs of Attachment, and Release Property Levied Upon" (the

9  "Motion"), on each of the grounds set forth below.

10  GENERAL OBJECTION TO BIETHMAN DEC.

11  Objection No. 15[1]

12  The entirety of the Biethman Dec.

13  Grounds for Objection No. 15:

14  The statements set forth in the Biethman Dec. are

15  irrelevant pursuant to Federal Rules of Evidence ("FRE") 401 and

16  402 because, *inter alia*, they do not set forth any of the terms of

17  the Master Distributor Agreement or its alleged breach which is the

18  subject of Plaintiffs' Attachment and Defendants' Motion. Indeed,

19  they all deal with the declarant's purchases of machines from

20  companies other than Mad Dog or NVS and alleged statements made to

21  the declarant, not to Plaintiffs.

22  Ruling on Objection No. 15

23  Sustained ____

24  Overruled ____

25

26

27  [1]  Defendants' previously filed in connection with their Motion a
first set of Objections and Motion to Strike re Plaintiffs'
28  Attachment evidence which contained 14 objections. Defendants,
therefore, continue to number their objections consecutively.

1  <u>SPECIFIC OBJECTIONS TO BIETHMAN DEC.</u>

2  <u>Objection No. 16</u>

3  That portion of paragraph 4 of the Biethman Dec. which

4  states:

5  ". . ., a principal at AVS," [p. 2, line 24.]

6  <u>Grounds for Objection No. 16</u>:

7  (a)  Lack of personal knowledge [FRE 602];

8  (b)  It lacks foundation, *i.e.*, contains conclusory

9  statements not supported by fact; and

10  (c)  It calls for a legal conclusion.

11  <u>Ruling on Objection No. 16</u>

12  Sustained ___

13  Overruled ___

14

15  <u>Objection No. 17</u>

16  That portion of paragraph 5 of the Biethman Dec. which

17  states:

18  "I contacted "Terry," who produced a document signed

19  a man named Lou Gubitosa, who I understand to be

20  another principal of AVS, granting "Terry" the

21  "exclusive" right to the entire State of Idaho." [p.

22  3, lines 7-9.]

23  <u>Grounds for Objection No. 17</u>:

24  (a)  It constitutes hearsay and multiple hearsay [FRE

25  801(c) and 802];

26  (b)  Lack of personal knowledge [FRE 602];

27  (c)  It lacks foundation, *i.e.*, contains conclusory

28  statements not supported by fact;

1     (d)  It calls for a legal conclusion;

2     (e)  It violates the best evidence rule;

3     (f)  It is irrelevant [FRE 401 and 402].

4  <u>Ruling on Objection No. 17</u>

5  Sustained ___

6  Overruled ___

7

8  <u>GENERAL OBJECTION TO KOEPSELL DEC.</u>

9  <u>Objection No. 18</u>

10  The entirety of the Koepsell Dec.

11  <u>Grounds for Objection No. 18:</u>

12  The statements set forth in the Koepsell Dec. are

13  irrelevant pursuant to Federal Rules of Evidence ("FRE") 401 and

14  402 because, *inter alia*, they do not set forth any of the terms of

15  the Master Distributor Agreement or its alleged breach which is the

16  subject of Plaintiffs' Attachment and Defendants' Motion.  Indeed,

17  they all deal with the declarant's purchases of machines from

18  companies other than Mad Dog or NVS, and alleged statements made to

19  the declarant, not to Plaintiffs.

20  <u>Ruling on Objection No. 18</u>

21  Sustained ___

22  Overruled ___

23

24  <u>GENERAL OBJECTION TO ROGERS DEC.</u>

25  <u>Objection No. 19</u>

26  The entirety of the Rogers Dec.

27  <u>Grounds for Objection No. 19:</u>

28  The statements set forth in the Rogers Dec. are

1  irrelevant pursuant to Federal Rules of Evidence ("FRE") 401 and

2  402 because, *inter alia*, they do not set forth any of the terms of

3  the Master Distributor Agreement or its alleged breach which the

4  subject of Plaintiffs' Attachment and Defendants' Motion.  Indeed,

5  they all deal with the declarant's purchases of machines from

6  companies other than Mad Dog or NVS, and alleged statements made to

7  the declarant, not to Plaintiffs.

8                    Ruling on Objection No. 19

9                    Sustained ___

10                    Overruled ___

11

12              SPECIFIC OBJECTIONS TO ROGERS DEC.

13                    Objection No. 20

14         That portion of paragraph 6 of the Rogers Dec. which

15  states:

16         "I recently learned that other investors in the

17         business opportunity also experienced difficulty

18         selling Buzz Bites and also have lost their

19         businesses.  I also recently learned that the

20         territories that I purchased from IVC were not

21         "exclusive" at all, and that the man who had

22         validated the opportunity to me had given me a false

23         name; his real name is Richard Black, not "Richard

24         Allen,". [p. 3, lines 6-11.]

25         Grounds for Objection No. 20:

26         (a)  It constitutes hearsay and multiple hearsay [FRE

27  801(c) and 802];

28         (b)  Lack of personal knowledge [FRE 602];

1          (c)  It lacks foundation, *i.e.*, contains conclusory

2    statements not supported by fact; and

3          (d)  It is irrelevant [FRE 401 and 402]..

4          Ruling on Objection No. 20

5          Sustained ___

6          Overruled ___

7

8          GENERAL OBJECTIONS TO VITT DEC. AND EXHIBIT 12

9                    Objection No. 21

10        The entirety of the Vitt Dec., together with its Exhibit

11   "12".

12        Grounds for Objection No. 21:

13        The statements set forth in the Vitt Dec., and its

14   Exhibit "12", are irrelevant pursuant to Federal Rules of Evidence

15   ("FRE") 401 and 402 because, *inter alia*, they do not set forth any

16   of the terms of the Master Distributor Agreement or its alleged

17   breach which is the subject of Plaintiffs' Attachment and

18   Defendants' Motion.  Indeed, they all deal with the declarant's

19   purchases of machines from companies other than Mad Dog or NVS, and

20   alleged statements made to the declarant, not to Plaintiffs.

21   Moreover, the documents attached as Exhibit "12" to the Vitt Dec.

22   are hearsay and multiple hearsay [FRE 801(c) and 802], and are also

23   irrelevant inasmuch as they were supplied by Independent Vending

24   Concepts, Kyle Erickson of EnergyVendingBusiness.com and "Spike!

25   Energy Systems" to Vitt – i.e., they were not provided by.

26   Defendants nor provided to Plaintiffs in connection with

27   Plaintiffs' entering into the Master Distributor Agreement which is

28   the subject of the Attachment and Defendants' Motion.

1    Ruling on Objection No. 21

2    Sustained ___

3    Overruled ___

4

5    SPECIFIC OBJECTIONS TO VITT DEC. AND EXHIBIT 12

6    Objection No. 22

7    That portion of paragraph 3 of the Vitt Dec. which

8    states:

9    "To prove the point, I was referred to three

10    individuals, Misty Wolbert, Gary Luckner and Richard

11    Allen, who supposedly had purchased several vending

12    machines and were experiencing tremendous success

13    selling Buzz Bites in their exclusive territories.

14    On January 15, 2008, Mr. MacDonald's colleague Bryan

15    Twitchell emailed to me the contact information for

16    these three validators.  Attached to this

17    declaration collectively as Exhibit 12 are true and

18    correct copies of Mr. Twitchell's January 15 email

19    and the document that was attached to that email,

20    entitled "Mad Dog Energy Products and Independent

21    Vending Concepts Executive Summary," which explains

22    that Buzz Bites are available for vending sales

23    through an exclusive arrangement with Mad Dog Energy

24    Products, Inc. ("Mad Dog"), among other things". [p.

25    2, lines 13-23.]

26    Grounds for Objection No. 22:

27    (a)  It constitutes hearsay and multiple hearsay [FRE

28    801(c) and 802];

1           (b)   Lack of personal knowledge [FRE 602];

2           (c)  It lacks foundation, *i.e.*, contains conclusory

3 statements not supported by fact;

4           (d)  It is irrelevant [FRE 401 and 402].

5         <u>Ruling on Objection No. 22</u>

6         Sustained  ___

7         Overruled  ___

8

9 DATED:  August //, 2009      Respectfully submitted,

10                  SHIELDS LAW OFFICES

11

12                  By:

13                     Jeffrey W. Shields
                    Rick A. Varner

14                Attorneys for Defendants
               National Vending Systems, Inc., Mad

15                Dog Energy Products, Inc., Richard
               Black, Gary Luckner, Michael Stein

16                and Mel Hendrix

17

18

19

20

21

22

23

24

25

26

27

28

1
<u>PROOF OF SERVICE</u>

2

3    STATE OF CALIFORNIA    )
                            )    ss.
4    COUNTY OF ORANGE    )

5          I, the undersigned, say:  I am employed in the County of Orange, State of California.  I
6    am over the age of 18 years and am not a party to the within action.  My business address is 1920
     Main Street, Suite 1080, Irvine, California 92614.

7          I served the foregoing documents described as:

8          **DEFENDANTS' EVIDENTIARY OBJECTIONS TO AND MOTION TO STRIKE**
9          **PORTIONS OF PLAINTIFFS' ADDITIONAL EVIDENCE SUBMITTED IN**
           **CONNECTION WITH DEFENDANTS' <u>OPPOSITION</u> TO MOTION TO SET ASIDE**
10         **RIGHT TO ATTACH ORDERS, QUASH WRITS OF ATTACHMENT AND RELEASE**
           **PROPERTY LEVIED UPON, ETC.**

11
12         on the interested parties in this action in the following manners:

13         **<u>VIA ELECTRONIC ACCESS:</u>**
           I hereby certify that on **August 11, 2009**, the foregoing was filed electronically with the
14   Clerk of the Court to be served by operation of the Court's electronic filing system on the following:

15         **Jennifer L. Brockett**
           **Davis Wright Tremaine LLP**
16         <u>jenniferbrockett@dwt.com</u>

17         **David C. Rocker**
           **Davis Wright Tremaine LLP**
18         <u>davidrocker@dwt.com</u>

19         **<u>VIA OVERNIGHT EXPRESS MAIL</u>**
20         I deposited such envelope into the Overnight Express Mail at Irvine, California.

21         **Jennifer L. Brockett**
           **DAVIS WRIGHT TREMAINE LLP**
22         **865 South Figueroa Street, Suite 2400**
           **Los Angeles, CA 90017**
23

24         **David C. Rocker**
           **DAVIS WRIGHT TREMAINE LLP**
25         **1300 S.W. Fifth Avenue, Suite 2300**
           **Portland, OR 97201**

26
           Executed on **August 11, 2009** at Irvine, California.
27

28
                                        RICK A. VARNER

18385